REID v. NEW YORK LIFE INS. CO.

INSURANCE—WAIVER—CONTRACTS—LOST INSTRUMENTS.—Where an in-
surance company by the terms of its policy agrees to make a loan to
the insured upon performance of certain conditions and deposit of
the policy at the home office, and the policy is lost, company is so
notified and furnishes insured a certified copy and receives premiums
thereon, it cannot relieve itself of its obligation to make the loan
upon performance by insured of the conditions and offer to deposit
the copy policy, because the original policy is not offered for deposit.

Before TOWNSEND, J., Charleston, April, 1902. Affirmed.

Action by James and Margaret Reid against New York
Life Insurance Co. From order overruling oral demurrer
to complaint, defendant appeals.

*Messrs. Ficken, Hughes & Ficken,* for appellant, cite: *To
be legally pledged, the original and not the copy must be
delivered:* 2 Par. on Con., sec. 113; 18 Ency., 607; 2 Pick.,
610; 96 U. S., 467; 4 Barb., 493; 52 Barb., 374; Laws of N.
Y. on Ins., ed. 1901, ch. 690, art. I.; 52 S. W. R., 958; 53
S. W. R., 182; 68 N. Y., 625; 27 S. C., 221.

*Messrs. Miller & Whaley,* contra, cite: *Certified copy is
highest evidence of original:* 1 Jones on Ev., sec. 211. *As
to lost instruments:* Code, 409; 2 Speer, 193; 2 Bail., 427,
495; 4 DeS., 465; 3 Rich., 37; 2 Strob., 160; 11 Rich., 537.
*And the law of New York is the same:* 27 N. Y. Sup., 284;
6 N. Y. Sup., 75; 4 N. Y. Sup., 103.

March 3, 1903. The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY. *Statements of Facts.*—The appeal
herein is from an order overruling a demurrer to the com-
plaint. The allegations of the complaint material to the
question at issue are as follows:

"II. That heretofore, to wit: on or about the 22d day of

June, 1896, for and in consideration of the sum of two hundred and sixty-eight dollars ($268), paid by the plaintiff, James Reid, to the defendant, the defendant executed and delivered to the plaintiffs its policy of insurance upon the life of the plaintiff, James Reid, dated the 22d day of June, 1896, and numbered 735610, for the sum of five thousand dollars ($5,000), and payable to the plaintiff, Margaret Reid, who is the mother of the said James Reid.

"III. That indorsed upon the said policy as one of the benefits and provisions referred to therein as conditions precedent and as forming a part of said contract were the following : 'The company will make advances as loans on this policy within the month of grace allowed in payment of premium on application to the home office at the fifth or any subsequent anniversary of the insurance, under the terms of the company's loan agreement then in use and the following conditions : 1st. That the premiums have been paid in full to the time when the loan is made, including the premium for the entire insurance year then beginning. 2d. That the company will loan at the fifth or any subsequent anniversary up to the tenth, such amounts as the insured may desire, not exceeding in all eight hundred and sixty-five dollars ($865) * * * 3d. That this policy shall be duly assigned to the company as collateral security for the loan and deposited at the home office.' In the printed application for said policy it is among other things provided that said policy should be construed according to the laws of the State of New York.

"IV. That the plaintiff, James Reid, has continued from time to time to pay each and every premium of insurance due upon the said policy as the same became due and payable, and the said contract of insurance has always remained in full force and effect.

"V. That on or about the      day of October, 1896, the original written instrument, evidencing the said contract of insurance made with the plaintiff as aforesaid, was lost and utterly destroyed while on a dredge, the property of the

plaintiff, James Reid, in the State of South Carolina, during the prevalence of a tropical hurricane. And thereafter the plaintiff, James Reid, applied to the defendant for a duplicate of the said policy, and the said defendant issued and delivered to the plaintiffs a copy of the said original instrument under the following certificate, to wit: 'New York Life Insurance Company, November 13th, 1896. This certifies that a policy of insurance, No. 735610, upon the life of James Reid, of which a copy is hereto annexed, was issued under date of June 22, 1896, by the New York Life Insurance Company, duly signed by the proper officers thereof, and that the premiums thereon have been paid to May the 15th, 1897. (Signed) Charles C. Whitney, Secretary.'

"VI. That thereafter, under the terms and provisions of the said contract of insurance, all premiums of insurance having been paid within the time therein provided, the plaintiffs, James Reid, the assured, and his mother, Margaret Reid, the beneficiary, applied to the defendant at its home office for an advance of eight hundred and sixty-five dollars ($865) upon the fifth anniversary of the said policy, and for the purpose they duly executed in duplicate assignment of the said policy or contract of insurance to the defendant company as collateral security for the said advance.

"VII. That annexed to the said assignment prepared upon the form of loan agreement, furnished by the defendant company as aforesaid and tendered by the plaintiffs to the defendant, to be deposited with said agreement at the home office of the defendant company, was the written instrument, certified by the defendant to be a true copy of the original instrument issued by the defendant in evidence of the contract of insurance made by the defendant with the plaintiffs as aforesaid.

"VIII. That the plaintiffs have never previously or otherwise assigned, pledged or in any way parted with the ownership or control of the said contract, and that the plaintiffs offered to furnish the defendant with any reasonable proofs of the loss of the original instrument, and of the fact that

it had never been assigned, pledged, or otherwise disposed of or parted with, and in addition thereto have offered to furnish a bond of indemnity in any reasonable amount to secure the defendant against any loss or damage happening to the defendant by reason of it making the aforesaid advance to the plaintiffs without the production of the original instrument.

"IX. That the plaintiffs have performed all and singular the terms and conditions required of them by the said contract as precedent to the payment of the said advance, but the defendant had failed and refused, and still fails and refuses, to advance to the plaintiffs the said sum of eight hundred and sixty-five dollars ($865), agreed to be advanced by the defendant to the plaintiffs on the fifth anniversary of said policy, to wit: on the 15th day of May, 1901."

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action for the following reasons:

"I. Because the said plaintiffs failed to pledge to and deposit with this defendant the policy of insurance referred to in said complaint and as required by the terms of the loan agreement, which are more particularly set forth in the said complaint.

"II. Because the said plaintiffs failed to assign and deposit at the home office of the said defendant the said policy of insurance, as required by the provisions and conditions of the said policy, which are more particularly set forth in the said complaint, and which provisions are stated in the complaint to be conditions precedent to any loan made under the terms of the said policy."

The demurrer was overruled and the defendant appealed.

*Opinion.*—The certificate of the defendant accompanying the copy of the policy, and the payment thereafter of the premiums of insurance by the plaintiffs, and the acceptance without objection of such premiums by the defendant, show beyond question that it was the intention of the parties that the copy should be substituted in place of the lost policy.

The meaning of the words, "That this policy should be * * * deposited at the home office," is that the defendant should have possession of the written evidence of the contract. When the copy was substituted in place of the lost policy, the provision, "That *this* policy should be deposited at the home office," must be construed as referring to the copy and not the original policy.   By this construction, effect will be given to the express provisions contained in the copy of the policy, and it is the settled policy of the law to construe an instrument of writing in such manner that if possible its terms may be enforced rather than destroyed.   We see no reason why the defendant has a stronger right to disregard this provision of the policy than it would have to refuse payment of the amount therein mentioned upon the maturity of the policy.   Furthermore, when the defendant delivered the substitute evidence of the contract and thereafter accepted the premiums of insurance, it knew that the original policy could not be deposited at the home office.   There is no evidence that it intended to make any change in the contract. It must be presumed, therefore, that it intended that the written evidence which had been substituted by its consent in place of the lost policy should be deposited at the home office.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.